**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

HADITH YUSUF AHMED,

      Defendant.

Case No. 22-cr-238 (NEB)

**MOTION FOR PRELIMINARY**
**ORDER OF FORFEITURE**

The United States of America, through Daniel N. Rosen, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, respectfully moves this Court for a Preliminary Order of Forfeiture pursuant to 18 U.S.C. 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2.

**BACKGROUND**

On September 19, 2022, an Information was filed against Hadith Yusuf Ahmed. Count 1 charged Ahmed with Conspiracy to Commit Wire fraud in violation of 18 U.S.C. §§ 371 and 1343. The Forfeiture Allegations of the Information provided notice that the United States sought forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to Count 1 of the Information pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c).

On October 13, 2022, the United States and the Defendant entered into a Plea Agreement through which he agreed to plead guilty to Count 1 of the Information. ECF No. 14 at ¶ 1. The Defendant admitted that from in or about October 2020 through January 2022, he knowingly and willfully conspired with others to participate

in a fraudulent scheme to obtain and misappropriate millions of dollars in federal child nutrition program funds that were intended as reimbursement for the costs of serving meals to underprivileged children. *Id.* ¶ 2.

Ahmed solicited and accepted kickback payments from many sites under the sponsorship of Feeding Our Future. Ahmed created and used a shell company, Mizal Consulting LLC, to receive and conceal the kickback payments, which were disguised as consulting fees to his shell company to conceal their true nature. Ahmed solicited and received more than $1 million in bribe and kickback payments from individuals and companies involved in the scheme under the sponsorship of Feeding Our Future.

In addition to soliciting and accepting kickbacks, the Defendant also created a fraudulent federal child nutrition program site. In or about October 2020, Ahmed created a shell company called Southwest Metro Youth. He immediately enrolled Southwest Metro Youth in the Federal Child Nutrition Program ("FCNP") under the sponsorship of Feeding Our Future and claimed that the company was going to run a site in Eden Prairie, Minnesota.

After enrolling in the FCNP, Ahmed and his co-conspirators began submitting fraudulent invoices for reimbursement in which they claimed to be serving meals to 2,000 children a day at Southwest Metro Youth. In support of these fraudulent claims, Ahmed and his co-conspirators prepared and submitted fake paperwork, including fake meal counts and fake invoices purporting to document the purchase of food from a vendor. In all, the Defendant's company Southwest Metro Youth obtained more than $1.1 million in FCNP funds as part of the fraudulent scheme. ECF No. 14 ¶ 2.

Ahmed admitted that the property subject to forfeiture includes but is not limited to:

a.   $318,042.11 seized from Wells Fargo account No. 3962979872;
b.   $165,017.21 seized from Wells Fargo account No. 3460138872;
c.   $20,085.91 seized from Wells Fargo account No. 3187389683; and
d.   $815.89 seized from Wells Fargo account No. 3962979872 (collectively, "the Property").

Ahmed also consented to the entry of a money judgment forfeiture in the amount of $1,380,043.00, which represents the amount of proceeds he obtained from the wire fraud scheme alleged in Count 1 of the Information. *Id.* at ¶ 15.

## ARGUMENT

**I.    A PRELIMINARY ORDER OF FORFEITURE SHOULD BE ENTERED FOR DIRECTLY FORFEITABLE ASSETS.**

### A. Legal Standard

Rule 32.2(b) of the Federal Rules of Criminal Procedure provides that:

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

(A) Forfeiture Determinations. As soon as practical . . . after a plea of guilty . . . court must determine what property is subject to forfeiture. . . If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.. . .

(B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) Preliminary Order.

(A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . The court must enter the order without regard to any third party's interest in the property.

Criminal forfeiture is a part of sentencing; it is not a substantive element of the offense. *Libretti v. United States*, 516 U.S. 29, 38-39 (1995). As such, the preponderance of the evidence standard of proof applies. *United States v. Huber*, 462 F.3d 945, 949 (8th Cir. 2006); *see also, e.g., United States v. Peithman,* 917 F.3d 635, 651 (8th Cir. 2019).

Because the governing statutes include compulsory terms, forfeiture is mandatory. *United States v. Williams,* 720 F.3d 674, 702 (8th Cir. 2013) (differentiating "shall" from "may" in forfeiture statutes). The plain language of 28 U.S.C. § 2461(c) mandates forfeiture when a defendant is convicted of an offense giving rise to forfeiture. *Id.* ("If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case. . .") (emphasis added); *see also United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) ("The word 'shall' does not convey discretion").

Moreover, "Forfeiture is mandatory even when restitution is also imposed." *Id.*; *see also United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011) (defendant, pursuant to 18 U.S.C. § 982(a)(2), is "not entitled to a credit for the amount that he had repaid toward the fraudulently obtained loan."); *United States v. Adetiloye*, 716 F.3d 1030, 1041 (8th Cir. 2013) ("Restitution is loss based, while forfeiture is gain based.") (citations omitted.) Although forfeiture and restitution are separate aspects of a

4

criminal sentence, forfeited assets are often used to compensate criminal victims through the remissions process authorized by 28 C.F.R. Part 9.

Third-party claims to forfeitable property are addressed in an ancillary proceeding and are not at issue at this stage of the forfeiture process. *See* 21 U.S.C. § 853(n) (as incorporated by 28 U.S.C. § 2461(c)); Fed. R. Crim. P. 32.2(c). Accordingly, the Court enters the preliminary order of forfeiture without consideration of third-party interests in the property. *See id*. Determining any such interests "must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)." Fed. R. Crim. P. 32.2(b)(2)(A).

**B. Forfeiture is Authorized for Proceeds of a Wire Fraud Scheme.**

Ahmed has pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343. As a consequence, 18 U.S.C. § 981(a)(1)(C) mandates forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."[1]

Proceeds of a wire fraud scheme include all gross receipts of the scheme. *See, e.g., United States v. Simmons,* 154 F.3d 765, 770-772 (8th Cir. 1998) (interpreting similar

---

[1] Pursuant to 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes any act or activity constituting an offense listed in section 1961(1). The offenses listed in section 1961(1) include wire fraud. Although 18 U.S.C. § 981(a)(1)(C) is a civil forfeiture provision, 28 U.S.C. § 2461(c) authorizes criminal forfeiture when a defendant is convicted of an offense for which civil forfeiture is authorized, as it has done here. *See, e.g.*, *United States v. Jennings*, 487 F.3d 564, 583-584 (8th Cir. 2007) (affirming money judgment forfeiture based on mail fraud conviction pursuant to 18 U.S.C. 981(a)(1)(C) and 28 U.S.C. § 2461(c)); *Adetiloye*, 716 F.3d at 1041.

forfeiture authority for RICO violation, holding, "the better view is the one that defines proceeds as the gross receipts of the illegal activities); *United States v. Huber*, 404 F.3d 1047, 1058 (8th Cir. 2005) (defendant was not entitled to offset expenses, "even if the expenses were legitimately incurred by Huber, they would not reduce the amount subject to forfeiture"); *United States v. Hively.* 437 F.3d 752, 763 (8th Cir. 2006) (same); *United States v. Lo*, 839 F.3d 777, 792-94 (9th Cir. 2016) (all funds from defendant's fraud scheme were subject to forfeiture on conviction for mail and wire fraud, rather than only the amounts specified in counts of conviction).

**C. The Directly Forfeitable Property is Subject to Forfeiture From Ahmed.**

As is set forth in the Plea Agreement, Ahmed has agreed that the Property is subject to forfeiture because it constitutes or is derived from proceeds traceable to the Conspiracy to Commit Wire Fraud for which he has pleaded guilty. Because that admission of traceability establishes that the require nexus between the Property and the crime of conviction has been met, the Property is directly forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). It should, therefore, be included in the requested Preliminary Order of Forfeiture.

**II.    A MONEY JUDGMENT FORFEITURE OF $1,380,043 SHOULD BE ENTERED**

Entry of a personal money judgment forfeiture is specifically authorized by Fed. R. Civ. P. 32.2(b)(1), and such orders have been repeatedly upheld. *See, e.g., United States v. Johnson*, 956 F.3d 510, 518 n.5 (8th Cir. 2020) (affirming $2.1 million money judgment forfeiture, with defendant receiving credit against that total for the value of

forfeited assets); *Peithman*, 917 F.3d at 652 (affirming money judgment forfeiture imposed under 18 U.S.C. § 981(a)(1)(C), while remanding for a redetermination of the amount of the money judgment issued under 21 U.S.C. § 853), cert. denied, 140 S. Ct. 340 (2019); *United States v. Gregoire,* 638 F.3d 962, 971-72 (8th Cir. 2011) (money judgment forfeiture permitted based on mail fraud conviction); *Jennings*, 487 F.3d at 586 (affirming money judgment for "honest services" mail fraud scheme).

Ahmed has admitted through his plea agreement that he "knowingly and willfully conspired with others to participate in a fraudulent scheme to obtain and misappropriate millions of dollars in federal child nutrition program funds that were intended as reimbursements for the cost of serving meals to underprivileged children." ECF No. 14, ¶ 2. Ahmed consented to $1,380,043 money judgment forfeiture, which "represents the amount of proceeds he obtained" from Count 1. *Id.*, ¶ 15. Ahmed will receive a credit against the money judgment forfeiture for the net value of each asset that is forfeited from him in connection with this case. *See Johnson,* 956 F.3d at 518 n.5

## III.  A GENERAL ORDER OF FORFEITURE SHOULD BE ENTERED.

The United States requests that a general order of forfeiture be entered against Ahmed pursuant to Fed. R. Crim. P. 32.2(b)(2)(C). A general order of forfeiture, which is expressly authorized by the Federal Rules of Criminal Procedure, allows the United States to seek the forfeiture of directly forfeitable property identified after sentencing:

> **(C) General Order.** If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the amount of the money judgment, the court may enter a forfeiture order that:
>
> (i)    lists any identified property;

> > (ii)    describes other property in general terms;
> >
> > (iii)    states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

Fed. R. Crim. P. 32.2(b)(2)(C).

The government requests that the preliminary order of forfeiture include a general order of forfeiture as provided for in Fed. R. Crim. P. 32.2(b)(2)(C). Entry of a general order of forfeiture will allow the government to pursue directly forfeitable assets if any are identified after sentencing. Preserving the government's right to seek the direct forfeiture of assets based on evidence that such assets are traceable to Salad's fraud scheme would allow the government to clear title to such assets and seek to recover proceeds that have been transferred to third parties. *See* 21 U.S.C. § 853(c) (codifying the relation-back doctrine). A general order of forfeiture will provide an important tool in addition to the money judgment forfeiture requested above.

## IV.  THE UNITED STATES IS ENTITLED TO DISCOVERY TO LOCATE ASSETS SUBJECT TO FORFEITURE.

The United States also requests a entry of an order pursuant to Fed. R. Crim. P. 32.2(b)(3) authorizing it to conduct discovery for the purpose of identifying and locating additional assets subject to forfeiture constituting, or derived from proceeds the Defendant obtained from the wire fraud scheme, or assets of the Defendant that may be substituted up to the value of the money judgment forfeiture. Rule 32.2(b)(3) authorizes the United States, upon the entry of a preliminary order of forfeiture, to "conduct any discovery the court considers proper in identifying, locating, or disposing

of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m); *United States v. Saccoccia*, 898 F. Supp. 53 (D.R.I. 1995) (United States can take depositions for the purpose of locating assets controlled by the defendant that are subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes but is not limited to the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

The United States also requests that the Court retain jurisdiction over this action pursuant to Rule 32.2(e) to forfeit any subsequently discovered directly forfeitable or substitute property, and to dispose of any third-party claims to such assets.

## CONCLUSION

For the foregoing reasons, the United States moves this Court for a Preliminary Order of Forfeiture.

Respectfully submitted,

Dated: 4/17/2026

DANIEL N. ROSEN
United States Attorney

 *s/Craig Baune*
BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
Craig.baune@usdoj.gov

9